## CIRCUIT COURT OF ARLINGTON COUNTY

Joseph A. Sadote

v.

Genevieve H. Leggett

September 22, 1988

Case No. (Law) 26784

By JUDGE THOMAS R. MONROE

The Court has taken under advisement the defendant's Motion to Set Aside the verdict. I have carefully considered the oral arguments and memoranda and overrule the Motion.

Counsel for plaintiff argued for admissibility of Exhibit 6 because the doctors, in testifying, relied on the contents of the medical records, and such records formed the background on which their opinions were based.

Code Section 8.01-401.1 provides in pertinent part as follows:

> In any civil action, any expert witness may give testimony and render an opinion or draw inferences from facts, circumstances, or data made known to or perceived by such witness at or before the hearing on trial during which he is called upon to testify. The facts, circumstances, or data relied upon by such witness in forming an opinion or drawing inferences, if of a type normally relied upon by others in the particular field of expertise in forming and drawing inferences, need not be admissible in evidence.

The medical records were admissible to show the basis of the expert's opinions. The medical records were

not used to prove the truth of the matters asserted therein. They did not have to qualify under the shopbook exception to the hearsay rule in order to be admissible.

There was other competent evidence to show the physical condition of the plaintiff and the severity of his injuries. Because such other medical evidence was presented, defendant cannot effectually argue that the admission of the medical records was prejudicial to her; rather, if anything, it was harmless.

The motion of the defendant to set aside the verdict is overruled.